THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:11-cr-00031-MR-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> PERRY LAMONT USSERY, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [Doc. 26].

## I.  PROCEDURAL BACKGROUND

On April 5, 2011, Defendant was charged in a Bill of Indictment with two counts of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (Counts One and Three); and two counts of possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). [Doc. 1]. On June 13, 2011, the Defendant pled guilty pursuant to a plea agreement to Count Three of the Indictment. [Doc. 13]. At sentencing the Court determined that the amount of crack

cocaine known or reasonably foreseeable by the Defendant was at least five grams, but less than 20 grams. [Doc. 19, 22]. The Defendant's total offense level was calculated to be seventeen and his criminal history category to be VI. These factors would yield an advisory sentencing guidelines range of 51 to 63 months of imprisonment, but the Defendant's offense carried a mandatory minimum sentence of 60 months of imprisonment. Therefore, the applicable sentencing guidelines range became 60 to 63 months. U.S.S.G. §5G1.1. On May 24, 2012, the Defendant was sentenced to a term of 60 months' imprisonment. [Doc. 22]. The Defendant did not appeal his sentence.

On October 16, 2012, counsel filed the present motion, seeking relief pursuant to § 3582(c)(2) under the Supreme Court's recent decision of Dorsey v. United States, __ U.S. __, 132 S.Ct. 2321, 2326, 183 L.Ed.2d 250 (2012).

## II. ANALYSIS

On August 3, 2010, Congress enacted the Fair Sentencing Act of 2010, Pub. L. No. 111–220, 124 Stat. 2372, which, among other things, increased the amount of cocaine base necessary to trigger a mandatory minimum five-year sentence. On November 1, 2010, the Sentencing Commission amended the Guidelines and realigned the base offense

levels to conform to this revised statutory penalty. See U.S.S.G. App. C, Amend. 750. Those amendments were made retroactive on November 1, 2011. See id. Amend. 759.

In Dorsey, the Supreme Court held, in the context of a direct appeal, that the lower mandatory minimums of the Fair Sentencing Act apply to defendants who committed their offenses prior to the August 3, 2010 effective date of the Act, but who were sentenced after the effective date. The Defendant's offenses occurred in April 2010, and he was sentenced in May 2012. Accordingly, the Defendant is subject to the lower mandatory minimums. The Court, however, cannot grant the Defendant relief under section 3582(c)(2). A sentence may be reduced under section 3582(c)(2) "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" as a result of a retroactive amendment. 18 U.S.C. § 3582(c)(2); USSG § 1B1.10(a)(1). In the present case, the sentencing range applicable to the Defendant was not subsequently lowered after he was sentenced. See 18 U.S.C. § 3582(c)(2). As such, there is no basis upon which the Court can reduce his sentence under § 3582(c)(2), and the Defendant's motion for a sentence reduction must be denied. United States v. Passmore, 503 F. App'x 340,

340-42 (6th Cir. 2012); United States v. Bennett, Nos. 3:10CR84, 3:12CV524, 2013 WL 170333, at *9 (W.D.N.C. Jan. 16, 2013) ("Section 3582(c)(2) only allows for the post-judgment reduction of a sentence when the advisory guidelines range has been subsequently altered by the Sentencing Commission.").[1]

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [Doc. 26] is **DENIED**.

**IT IS SO ORDERED.**

Signed: August 12, 2013

Martin Reidinger
United States District Judge

---

[1] The Court makes no determination whether the Defendant may challenge his sentence under 28 U.S.C. § 2255.